

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF: | § | No. 08-24-00019-CV |
| L.A., G.A. III, and M.E.A., | § | Appeal from the |
| Children. | § | 65th Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2023DCM0095) |

**MEMORANDUM OPINION**

This is a parental termination case. Appellant M.H. filed a notice of appeal after the trial court terminated her parental rights. After the record was filed, Appellant's counsel failed to timely file a brief and we issued an order abating and remanding the case so the trial court could appoint new counsel. The trial court did so, and in her order also noted that "this case is not ripe for appeal as only an interlocutory [termination] order was filed." After calling that matter to our attention, we independently reviewed the record and conclude that this appeal must be dismissed for want of jurisdiction.[1]

The termination order from which M.H. appealed is entitled "Interlocutory Order of Termination as to Respondent [M.H.]." The order does contain a "Warning: Appeal of Final Order, Pursuant to § 263.405, Texas Family Code," and "Mother Hubbard" language that "all relief requested in this case and not expressly granted is denied." But the termination order lists, in

---

[1] We sent a 10-day letter asking for the parties to respond if they believed the order was final, and no party filed a response.

addition to M.H., two other respondents, alleged fathers G.A. and A.A. Both G.A. and A.A. announced "not ready" at the hearing resulting in the termination of M.H.'s parental rights. The trial court denied G.A.'s motion for continuance but granted A.A.'s continuance. Neither alleged father's paternity nor parental rights were adjudicated.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders the Legislature has designated as appealable. *In re P.M.*, No. 01-22-00753-CV, 2023 WL 2415598, at *1 (Tex. App.—Houston [1st Dist.] Mar. 9, 2023, no pet.) (mem. op.) (per curiam) (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); Tex. Civ. Prac. & Rem. Code § 51.014). A judgment is final for purposes of appeal only if it disposes of all pending claims and parties or "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). In contrast, an order is not final merely because it states it is "final" or "appealable," or recites that all relief not expressly granted is denied. *Id.* at 192, 205. An interlocutory parental termination decree is not appealable. *See In re E.S.T.*, No. 01-21-00088-CV, 2021 WL 3669629, at *1 (Tex. App.—Houston [1st Dist.] Aug. 18, 2021, no pet.) (mem. op.) (per curiam) ("This Court does not have jurisdiction over interlocutory appeals of parental termination decrees.").

The termination order here does not dispose of all claims and parties. The trial court granted a continuance of the final hearing for A.A., and did not address termination of G.A. in the interlocutory order appealed from. Nor does it state with unmistakable clarity that it is a final judgment as to all claims and all parties. We agree with the trial court that the order is not final and appealable. Thus, dismissal for want of jurisdiction is proper. *See In re M.H.*, No. 08-15-00091-CV, 2015 WL 3646655, at *1 (Tex. App.—El Paso June 12, 2015, no pet.).

Accordingly, we dismiss this appeal for want of jurisdiction.[2]


JEFF ALLEY, Chief Justice

April 24, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[2] This dismissal is without prejudice to the filing of a new appeal after the trial court signs a final judgment or severance rendering final judgment as to M.H. Further, if there is a future appeal, the parties may file a motion asking that we transfer the record filed in this case to the new appellate cause number to avoid having the district clerk or court reporter create a new record.